619 A.2d 327

**COMMONWEALTH of Pennsylvania**

v.

**Thomas A. FOX, Jr. Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 2, 1992.

Filed Jan. 14, 1993.

Michael J. Anthony, Wilkes–Barre, for appellant.

Scott Gartley, Asst. Dist. Atty., Wilkes–Barre for Com., appellee.

Before McEWEN, CIRILLO and HOFFMAN, JJ.

CIRILLO, Judge:

This is an appeal from a judgment of sentence entered in the Court of Common Pleas of Luzerne County. We affirm.

Appellant Thomas A. Fox, Jr. was charged with criminal homicide and, following a jury trial, was convicted of murder in the first degree. Fox, along with co-defendant John Jerome Masi, shot Ronald Hasiuk after the three men had engaged in a night of drinking and drug taking.

At the preliminary hearing the Commonwealth presented testimony of the only eyewitness, co-defendant Masi, who testified on direct examination that he had shot the victim in self-defense, and it was Fox who shot Hasiuk with a small rifle several times. Counsel for Fox then attempted to cross-examine Masi on numerous matters relating to the incident. The assistant district attorney made several objections to defense counsel's questions, many of which were sustained by the district justice.

After the preliminary hearing, the case was bound over for court and Fox filed a petition for a writ of habeas corpus. The petition alleged that Fox had been denied his right of confrontation and cross-examination of Masi. After oral argument, the petition was denied.

Following the trial and guilty verdict, Fox filed post-trial motions, which were denied. A sentence of life imprisonment was imposed and this timely appeal followed. Fox raises the following issues for our consideration:

(1) Must Fox receive a new trial where the trial court permitted an accomplice's plea agreement which contained a reference to the accomplice's agreement to testify "truthfully" at subsequent prosecutions to go out with the jury for their consideration?

(2) Must Fox be granted a new trial where the attorney for the Commonwealth in his opening remarks to the jury referred to Fox as a "liar?"

(3) Was Fox denied his right of cross-examination of the principal witness against him at a preliminary hearing by the district justice presiding at said preliminary hearing?

(4) Must Fox be granted a new trial where Fox was foreclosed from cross-examining the sole eyewitness against him at trial concerning the eyewitness's expected sentence under the provisions of the Pennsylvania Sentencing Code where such witness had agreed to cooperate with the Commonwealth in its case against Fox?

(5) Did the trial court err in permitting various Commonwealth witnesses to testify concerning statements made by the principal witness against Fox which contained state-

ments allegedly made by Fox where the Commonwealth did not prove either directly or inferentially that a conspiracy had existed or continued to exist to kill the victim?

(6) Did the trial court err in permitting testimony concerning the exact locations of the bullets and shell casings found at the crime scene where defense counsel had repeatedly requested this information prior to trial, it was material to the defense, the defense was told that such information did not exist, and where this information was, accordingly, unable to be presented to Fox's retained expert for analysis?

(7) Was the guilty verdict contrary to the weight and sufficiency of the evidence?

Initially, Fox argues that it was error to allow Masi's plea agreement to go out with the jury, contending that this deprived him of his rights to due process and a fair trial. Specifically, Fox asserts that he was prejudiced because the agreement contained a statement that Masi "agree[d] to cooperate with and testify truthfully on behalf of the Commonwealth in all subsequent prosecutions."

■ Pennsylvania Rule of Criminal Procedure 1114 provides that the jury may take with it such exhibits as the trial judge deems proper. Thus, whether an exhibit should be allowed to go out with the jury during deliberation is within the discretion of the trial judge, and such decision will not be overturned absent an abuse of discretion. *Commonwealth v. Bricker*, 525 Pa. 362, 378, 581 A.2d 147, 155 (1990); *Commonwealth v. Thomas*, 372 Pa.Super. 349, 361, 539 A.2d 829, 836 (1988), *appeal denied*, 520 Pa. 604, 553 A.2d 967 (1988); *Commonwealth v. Sparks*, 351 Pa.Super. 320, 327–28, 505 A.2d 1002, 1006 (1986).

In support of his argument, Fox relies on *Commonwealth v. Bricker, supra*, where the court determined that the trial court erred when it permitted plea agreements of two Commonwealth witnesses to be sent out with the jury during deliberations. In reaching this decision, the *Bricker* court stated:

It is beyond question that permitting the prosecution to send these documents out with the jury during deliberations impermissibly bolstered the credibility of [the Commonwealth's witnesses]. In so bolstering their credibility, the court violated the defendant's right to a fair trial.

*Id.* 525 Pa. at 377, 581 A.2d at 154.

 While we do not disagree with Fox's presentation of the *Bricker* case, we find that *Bricker* does not control in the instant appeal, as the facts here can be distinguished. Co-defendant Masi's plea agreement was introduced by the defense during Masi's cross-examination at trial and was initially marked as a defense exhibit. Furthermore, the following question was posed to Masi by defense counsel:

[I]sn't it true that part of the plea agreement provides that the defendant will agree to cooperate with and testify truthfully on behalf of the Commonwealth in all subsequent prosecutions?

Masi responded in the affirmative. As set forth in the trial transcript, the defense exhibit was highlighted in yellow marker. On re-direct, the plea agreement was marked as a Commonwealth exhibit for purposes of refuting defense's cross-examination of Masi. Importantly, following the close of testimony, defense counsel raised no objection to sending out with the jury the "unhighlighted" copy of the plea agreement. Thus, Fox may not now claim that he was prejudiced by evidence which he initially introduced and to which he posed no objection when the exhibit was moved into evidence and later requested to go out with the jury.[1]

In an analogous situation, this court in *Commonwealth v. Merbah,* 270 Pa.Super. 190, 411 A.2d 244 (1979) found no abuse of discretion where the trial court admitted into evidence a prosecution witness' written statement which was

---

1. As a general rule, in order to preserve an issue for appeal, defendant must make a timely objection at trial. *See Commonwealth v. Blassingale,* 398 Pa.Super. 379, 396, 581 A.2d 183, 191 (1990); *Commonwealth v. Perdue,* 387 Pa.Super. 473, 485, 564 A.2d 489, 495 (1989), *appeal denied,* 524 Pa. 627, 574 A.2d 68 (1990); *Commonwealth v. McDermott,* 377 Pa.Super. 623, 641, 547 A.2d 1236, 1245 (188); *Commonwealth v. Redel,* 335 Pa.Super. 354, 361, 484 A.2d 171, 175 (1984).

thereafter sent out with the jury. In its conclusion the court stated:

> In the case at bar there was no abuse of discretion. Since the appellant himself placed the evidence in question before the jury, it is difficult to understand how he sustained prejudice by the jury's removal of the statement to their deliberation chambers.

*Id.* at 195, 411 A.2d at 247.

Accordingly, we find that there was no harm in allowing the plea agreement to be sent out with the jury during deliberations. We conclude, therefore, that there has been no abuse of discretion. *Bricker, supra; Thomas, supra.*

Fox next argues that he should be granted a new trial because the Commonwealth, during opening statements, referred to Fox as a "liar." After an immediate objection by defense counsel, the trial court responded with the following cautionary instruction:

> [T]he jury will base its own hearing of the witnesses and determining credibility in this case and I don't think any of the witnesses should be classified as liars.

Our standard of review for an allegation of prosecutorial misconduct has recently been set forth in *Commonwealth v. Scarfo,* 416 Pa.Super. 329, 407–08, 611 A.2d 242, 281 (1992) as follows:

> Every unwise or irrelevant remark made in the course of a trial by a judge, a witness, or counsel does not compel the granting of a new trial. Rather, the focus is on what, if any, effects the comments had on the jury. A new trial is required when the effect of the District Attorney comments "would be to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant so that they could not weigh the evidence objectively and render a true verdict." Further, this decision is for the trial court to make. Our role is to determine solely whether the trial court abused its discretion.

*Id.* at 407–08, 611 A.2d at 281 (quoting *Commonwealth v. Faulkner,* 528 Pa. 57, 77, 595 A.2d 28, 39 (1991), *cert. de-*

*nied,* —— U.S. ——, 112 S.Ct. 1680, 118 L.Ed.2d 397 (1992) (citations omitted)).

In regard to the opening statements of a prosecutor, such statements "should be limited to a statement of the facts which he intends to prove, and the legitimate inferences therefrom." *Commonwealth v. Duffey,* 519 Pa. 348, 361–62, 548 A.2d 1178, 1184 (1978). Although the particular remark in question in the instant case was not directly related to the facts which the prosecutor intended to prove, the ultimate question in this matter is whether the jury was prejudiced to the point where the prosecution's comment instilled a fixed bias and hostility toward Fox. *Faulkner, supra; Scarfo, supra.* It is our finding that the trial court's cautionary instruction relieved, in the jury's minds, any fixed bias or hostility. Even assuming that no curative instruction had been given, we find that this remark, standing alone, fails to rise to the level of prejudice which would render the jury incapable of exercising objective judgment. Accordingly, a new trial is not warranted on this issue.

In Fox's third issue, he contends that a new trial is warranted because he was denied his "right" of cross-examination of Masi, the sole eye-witness, at the preliminary hearing. Specifically, Fox alleges that the district justice erred in sustaining the objections of the Commonwealth to defense counsel's questions relating to the reliability, credibility and powers of observation of co-defendant Masi. Fox further asserts that he was not afforded a full and fair opportunity to cross-examine Masi with respect to Masi's motive for testifying nor with respect to Masi's prior inconsistent statements, thereby leaving Fox with no valuable impeachment material for trial.

In support of his position, Fox relies primarily on *Commonwealth ex rel. Buchanan v. Verbonitz,* 525 Pa. 413, 581 A.2d 172 (1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1108, 113 L.Ed.2d 217 (1991), and Pennsylvania Rule of Criminal Procedure 141 for the proposition that a criminal defendant has a right to confront and cross-examine the witnesses against him or her at a preliminary hearing. While the *Buchanan* plurality suggests a right to confront and cross-

examine at a preliminary hearing, citing the United States and Pennsylvania constitutions in support thereof, the precise holding in *Buchanan* is that hearsay testimony alone is insufficient to establish a prima facie case at a preliminary hearing. Hence, Fox's reliance on *Buchanan* is misplaced. Fox was not precluded from cross-examining Masi at the preliminary hearing. To the contrary, defense counsel questioned Masi at length. The fact that several of Fox's questions during cross were objected to and such objections were sustained did not deny Fox his right of cross-examination at the preliminary hearing stage.

Furthermore, it is well-settled that the preliminary hearing serves a limited function. "The purpose of a preliminary hearing is to avoid the incarceration or trial of a defendant unless there is sufficient evidence to establish a crime was committed and the probability the defendant could be connected with the crime." *Commonwealth v. Tyler*, 402 Pa.Super. 429, 433, 587 A.2d 326, 328 (1991), *appeal denied*, —— Pa. ——, 617 A.2d 1263 (1992) (quoting *Commonwealth v. Wodjak*, 502 Pa. 359, 466 A.2d 991 (1983)); *see also* Pa.R.Crim.P. 141(d). Since the Commonwealth merely bears the burden of establishing a prima facie case against the defendant, credibility is not an issue at at preliminary hearing. *See Barber v. Page*, 390 U.S. 719, 725, 88 S.Ct. 1318, 1322, 20 L.Ed.2d 255 (1968) (removing credibility as an issue at a preliminary hearing and limiting defense actions to negating the existence of a prima facie case conforms to the fact that a preliminary hearing is a much less searching exploration into the merits of the case); *Tyler* 402 Pa.Super. at 433, 587 A.2d at 328 (credibility is not an issue at a preliminary hearing); *Liciaga v. Court of Common Pleas of Lehigh County*, 523 Pa. 258, 262, 566 A.2d 246, 248 (1989) (magistrate is precluded from considering the credibility of a witness who is called upon to testify during the preliminary hearing).

In light of the clear purpose of a preliminary hearing, Fox's claim of denial of effective cross-examination is without merit. Not only was Fox afforded a full and fair opportunity to cross-examine Masi during the preliminary hearing, the cross-exam-

ination lasted several hours and covers approximately one hundred and fifty-four pages of transcript. Many of the questions asked by defense counsel to which objections were made and sustained had already been asked and answered, were not relevant, or dealt with issues of credibility. Accordingly, we find that Fox was not denied his opportunity to cross-examine co-defendant Masi.

In his fourth issue, Fox contends that he was foreclosed from cross-examining Masi at trial concerning Masi's expected sentence, following Masi's guilty plea to third degree murder. It is well-settled that the scope and manner of cross-examination are within the sound discretion of the trial judge whose decisions will not be overturned absent an abuse of discretion. *Tyler* 402 Pa.Super. at 435, 587 A.2d at 329; *Commonwealth v. Laskaris,* 385 Pa.Super. 339, 561 A.2d 16 (1989), *appeal denied,* 525 Pa. 617, 577 A.2d 889 (1990). It is equally well-settled that, at trial, the right to cross-examination is essential to the protections granted under the Sixth Amendment Confrontation Clause of the United States Constitution and Article 1, Section 9 of the Pennsylvania Constitution. *See Commonwealth v. Hill,* 523 Pa. 270, 566 A.2d 252 (1989); *Commonwealth v. Peetros,* 517 Pa. 260, 535 A.2d 1026 (1987).

Fox correctly points out, and the appellate courts have held:

> [W]henever a prosecution witness may be biased in favor of the prosecution because of outstanding criminal charges or because of any non-final criminal disposition against him within the same jurisdiction, that possible bias, in fairness, must be made known to the jury.... The jury may choose to believe the witness even after it learns of actual promises made or possible promises of leniency which may be made in the future, but the defendant, under the right guaranteed in the Pennsylvania Constitution to confront witnesses against him, must have the opportunity at least to raise a doubt in the mind of the jury as to whether the prosecution witness is biased....

*Hill* 523 Pa. at 273, 566 A.2d at 253 (quoting *Commonwealth v. Evans,* 511 Pa. 214, 216, 512 A.2d 626, 627 (1986)); *see also Commonwealth v. Eicher,* 413 Pa.Super. 235, 258, 605 A.2d 337, 349 (1992); *Commonwealth v. Culmer,* 413 Pa.Super. 203, 210, 604 A.2d 1090, 1094 (1992); *Commonwealth v. Cobb,* 409 Pa.Super. 168, 170, 597 A.2d 714, 715 (1991), *appeal denied,* 530 Pa. 664, 610 A.2d 44 (1992).

 Bearing in mind the reasoning enunciated in the line of cases set forth above, in the present situation it is clear from the record that Fox's counsel was given the latitude necessary to cross-examine Masi in regard to Masi's plea agreement with the Commonwealth. As reflected in the trial transcript, there is little doubt that the dialogue exchanged between defense counsel and Masi made it apparent to the jury that Masi pleaded guilty to third-degree murder and, consequently, received a greatly reduced sentence. Fox was also permitted to inquire about Masi's understanding of the sentence he would receive, the sentencing guidelines, and the effect of his cooperation. Throughout this portion of Masi's cross-examination the Commonwealth objected to the line of questioning several times; the court, however, allowed the questions and overruled nearly every objection. In light of these facts we find that Fox was given sufficient opportunity to at least raise a doubt in the minds of the jury as to whether Masi was biased. *Evans, supra; Hill, supra.* A new trial, therefore, is not warranted on these grounds.

 Fox next argues that it was error for the court to permit Commonwealth witnesses to testify concerning remarks that Masi said were made by Fox. Initially, we find that the record belies Fox's description of the testimony at issue. The Commonwealth's witnesses' testimony to which Fox refers [2] makes no mention of actual statements made by Fox to Masi. Rather, these witnesses related conversations that they had with Masi directly, or conversations that they had with Fox directly. Regardless of this error, we find that

2. The witnesses to which Fox refers to in his brief are as follows: Rita Burginia, an acquaintance of Masi's; Stanley Jezewski, a Pennsylvania state police trooper; and Cindy Masi, Masi's wife.

the testimony in question was properly admitted under the co-conspirator's exception to the hearsay rule.

Specifically, Fox contends in his post-trial motions that the Commonwealth had not proved beyond a reasonable doubt that a conspiracy had existed between Masi and himself. The co-conspirator's exception to the hearsay rule

allows statements by a co-conspirator to be admitted against an accused if the statements are made during the conspiracy, in furtherance thereof, and where there is ... other evidence of the existence of a conspiracy. The co-conspirator exception applies even where no party has been formally charged with conspiracy.

*Commonwealth v. Cherpes,* 360 Pa.Super. 246, 258, 520 A.2d 439, 445 (1987), *appeal denied,* 515 Pa. 612, 530 A.2d 866 (1987) (quoting *Commonwealth v. Dreibelbis,* 493 Pa. 466, 475, 426 A.2d 1111, 1115 (1981) (citations omitted)); *see also Commonwealth v. Zdrale,* 530 Pa. 313, 316, 608 A.2d 1037, 1039 (1992). Hence, for such testimony to be admissible, the Commonwealth must show the following: (1) a conspiracy existed between the declarant and the party against whom the evidence is offered; (2) the statement sought to be admitted was made during the course of the conspiracy; and (3) there is other evidence to prove that a conspiracy existed. *Cherpes* 360 Pa.Super. at 257, 520 A.2d at 445. The trial court may admit such statements "upon only *slight* evidence of the conspiracy." *Id.* The Commonwealth need not prove the conspiracy beyond a reasonable doubt; rather, it must prove the conspiracy by merely a fair preponderance of the evidence. *Id.* Furthermore, for purposes of this rule, the conspiracy may be inferentially established. *Commonwealth v. Chester,* 526 Pa. 578, 592–95, 587 A.2d 1367, 1374–75 (1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 422, 116 L.Ed.2d 442 (1991); *Dreibelbis* 493 Pa. at 473, 426 A.2d at 1115; *Cherpes* 360 Pa.Super. at 257, 520 A.2d at 445.

Here, the Commonwealth has met its burden of establishing the existence of a conspiracy by a fair preponderance of the evidence. In light of the testimony heard at trial, the physical evidence and all reasonable inferences drawn

therefrom, we find ample support for this conclusion.[3] Consequently, the trial court properly admitted the testimony in question.

In Fox's sixth issue, he avers that the trial court erred in permitting testimony concerning the exact locations of the bullets and shell casings found at the crime scene, where this information had allegedly not been made available to the defense before trial. In this assertion, Fox essentially contends that the Commonwealth failed to comply with Rule 305(B)(1) of the Pennsylvania Rules of Criminal Procedure, which provides that in all court cases, by request of the defendant, the Commonwealth shall disclose the following (provided they are material to the case):

\* \* \* \* \* \*

(e) results or reports of scientific tests, expert opinions and written or recorded reports of polygraph examinations or other physical or mental examinations of the defendant, which are within the possession or control of the attorney for the Commonwealth;

(f) any tangible objects, including documents, photographs, fingerprints or other tangible evidence ...

The purpose of the discovery rules is to permit the parties in a criminal matter to be prepared for trial; trial by ambush is contrary to the spirit and letter of those rules. *Commonwealth v. Moose,* 529 Pa. 218, 235, 602 A.2d 1265, 1274 (1992). This court has also acknowledged that, generally, the purpose of discovery is to "accord a defendant the opportunity to discover evidence which he did not know existed, as well as to seek possession of evidence of which he was aware." *Commonwealth v. Hussmann,* 335 Pa.Super. 603, 609, 485 A.2d 58, 61 (1984). It is clear from the record that adequate disclosure was provided by the Commonwealth; nonetheless, Fox claims that the Commonwealth's failure to disclose the exact location of each particular shell frustrated the efforts of

---

**3.** The record reflects that the three men in question, Fox, Masi, and the victim, entered a wooded area around midnight to "shoot at tree branches." The two guns that were taken along both belonged to Masi; one in his possession and the other in Fox's possession. The victim was shot six times. Masi and Fox left the scene together in Fox's car.

the defense's expert in forming an adequate opinion in regard to these items. Fox cites *Commonwealth v. Thiel*, 323 Pa.Super. 92, 470 A.2d 145 (1983) in support of his argument. We find that *Thiel* can be easily distinguished, however, in that it involved evidence which the Commonwealth had failed to disclose and which defendant was unaware of until trial.

Fox was made aware of the existence of the shells, was provided with a map of the crime scene and was informed by the Commonwealth that all four shells were found in a particular area. Hence, we have little difficulty in concluding that the Commonwealth's failure to reveal the specific location of each shell does not undermine the discovery rules, especially where defense counsel was aware of the existence of the shells and was adequately prepared for trial. *Hussmann, supra; Moose, supra.*

In his final issue on appeal, Fox claims that the verdict was contrary to the weight and/or sufficiency of the evidence. Specifically, Fox asserts in his brief that Masi was an unreliable witness and that there was insufficient physical evidence to sustain the verdict. Where issues of credibility and weight of the evidence are concerned, it is not the function of an appellate court to substitute its judgment based on a cold record for that of the trial court. *Commonwealth v. Paquette*, 451 Pa. 250, 257, 301 A.2d 837, 841 (1973); *McElrath v. Commonwealth*, 405 Pa.Super. 431, 443, 592 A.2d 740, 745 (1991). A new trial is warranted on a challenge to the weight of the evidence only if the verdict is so contrary to the evidence as to shock one's sense of justice. *McElrath* at 443, 592 A.2d at 745. Given this stringent standard, along with the facts and testimony of the instant case, we do not find the evidence here so shocking to one's sense of justice so as to warrant a new trial. Furthermore, issues of credibility are left to the trier of fact; the jury is free to accept all, part, or none of the witness testimony. *Commonwealth v. Pirela*, 398 Pa.Super. 76, 83, 580 A.2d 848, 852 (1990), *appeal denied*, 527 Pa. 672, 594 A.2d 658 (1991); *Commonwealth v. Vitacolonna*, 297 Pa.Super. 284, 443 A.2d 838, 841 (1982). Hence, we find no need to disturb the conclusions of the trial court on these grounds.

In reviewing a challenge to the sufficiency of the evidence, this court must ask whether the evidence, and all reasonable inferences therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all the elements of the offense beyond a reasonable doubt. *Commonwealth v. Thomas,* 527 Pa. 511, 512, 594 A.2d 300, 301 (1991); *see also Commonwealth v. Glover,* 399 Pa.Super. 610, 615, 582 A.2d 1111, 1114 (1990). To prove murder of the first degree, the Commonwealth must demonstrate; (1) that a human being has been unlawfully killed; (2) that the person accused did the killing; and (3) that the killing was done with malice aforethought, as well as with premeditation and deliberation. *Commonwealth v. Mitchell,* 528 Pa. 546, 550, 599 A.2d 624, 626 (1991); 18 Pa.C.S.A. § 2502(a). The testimony and physical evidence introduced at trial indicate that the elements of first degree murder have been established beyond a reasonable doubt. The trial court's findings will not be disturbed.

Based on the foregoing arguments, we conclude that Fox's claims have no merit and, accordingly, the trial court's decision is affirmed.

Judgment of sentence affirmed.