J-S06007-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOANILEE MONTANEZ, | |
| Appellant | No. 2454 EDA 2013 |

Appeal from the Judgment of Sentence June 20, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009567-2010

BEFORE: BENDER, P.J.E., LAZARUS, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.: **FILED FEBRUARY 09, 2015**

Joanilee Montanez (Appellant) appeals from the judgment of sentence of life imprisonment without the possibility of parole, imposed June 20, 2013, following a jury trial resulting in his conviction for first-degree murder and related offenses. We affirm.

On October 31, 2009, following a verbal and physical altercation with several individuals, Brian Jubilee was shot in the chest and killed while outside a bar located at the corner of Rorer and Westmoreland Streets in Philadelphia, PA. Eyewitness testimony established that Appellant shot the decedent with a silver, "cowboy-style" gun. **See, e.g.**, Notes of Testimony (N.T.), 6/18/2013, at 180-91.

---

[*] Former Justice specially assigned to the Superior Court.

A jury trial commenced in June 2013. Following trial, the jury convicted Appellant of first-degree murder, two violations of the Uniform Firearms Act, and possessing instruments of crime.[1] The trial court sentenced Appellant to life imprisonment without parole for the murder and three and one-half to seven years' incarceration for the Uniform Firearms Act § 6106(a)(1) violation. No further sentence was imposed for the remaining crimes. Appellant timely filed post-sentence motions, which the trial court denied. Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court filed a responsive opinion.

Appellant raises the following issues:

[1.] Was the evidence insufficient as a matter of law?

[2.] Was the verdict of this case against the weight of the evidence?

Appellant's Brief, at 5.

Appellant purports to challenge the sufficiency of the evidence presented at trial. Appellant offers no analysis of any particular elements that comprise the charges against him.[2] Rather, according to Appellant,

---

[1] Respectively, 18 Pa.C.S. §§ 2502(a), 6106(a)(1), 6108, and 907(a).

[2] For example, to prove murder of the first degree, the Commonwealth must establish: (1) that a human being has been unlawfully killed; (2) that the person accused did the killing; and (3) that the killing was done with malice aforethought, as well as with premeditation and deliberation. *See* *Commonwealth v. Fox*, 619 A.2d 327, 335 (Pa. Super. 1993); 18 Pa.C.S.
*(Footnote Continued Next Page)*

> [d]espite the testimony of several witnesses and despite their prior statements to detectives inculpating Appellant, the pedigree of the witnesses, the contradictions in their testimony, the conflicts between their trial testimony and purported statements to detectives leaves one less than convinced that the evidence was sufficient as a matter of law.

Appellant's Brief, at 15-16.

We review a challenge to the sufficiency of the evidence in the following manner:

> In determining whether there was sufficient evidentiary support for a jury's finding [], the reviewing court inquires whether the proofs, considered in the light most favorable to the Commonwealth as verdict winner, are sufficient to enable a reasonable jury to find every element of the crime beyond a reasonable doubt. The court bears in mind that: the Commonwealth may sustain its burden by means of wholly circumstantial evidence; the entire trial record should be evaluated and all evidence received considered, whether or not the trial court's rulings thereon were correct; and the trier of fact, while passing upon the credibility of witnesses and the weight of the evidence, is free to believe all, part, or none of the evidence.

***Commonwealth v. Diggs***, 949 A.2d 873, 877 (Pa. 2008) (citations omitted).

Though labeled a challenge to the sufficiency of the evidence presented at trial, Appellant merely attacks the *credibility* of the witnesses who testified. "[A]n attack on witness credibility … [is] a matter far removed from the purview of an appellate court given the remote nature of our

_(Footnote Continued)_ ‾‾‾‾‾‾‾‾‾‾‾

§ 2502(a). However, Appellant neither identifies these elements nor argues how the evidence presented by the Commonwealth fails to establish them.

review." ***Commonwealth v. Barker***, 70 A.3d 849, 855 (Pa. Super. 2013) (rejecting an attack on witness credibility in the context of a sufficiency challenge). No relief is due Appellant on this ground.

Appellant also asserts that the verdict was against the weight of the evidence. As with his sufficiency challenge, Appellant attacks the credibility of the witnesses against him.[3] According to Appellant,

> [i]t can be well said that the fact witnesses were people who well [*sic*] not well acquainted with the truth. No reliable verdict could have been based on their testimony.

Appellant's Brief, at 17.

A motion for a new trial based on the weight of the evidence concedes that there is sufficient evidence to sustain the verdict. ***See Commonwealth v. Widmer***, 744 A.2d 745, 751 (Pa. 2000). It is "addressed to the discretion of the trial court." ***Id.*** We may reverse the lower court's verdict only "if it is so contrary to the evidence as to shock one's sense of justice." ***Commonwealth v. Lewis***, 911 A.2d 558, 555 (Pa. Super. 2006).

Here, Appellant's bald contention that Commonwealth witnesses were not credible, perhaps referencing prior inconsistent statements admitted at

---

[3] In support, Appellant cites ***Commonwealth v. Karkaria***, 625 A.2d 1167 (Pa. 1993). However, this case is inapposite. ***See Karkaria***, 625 A.2d at 1172 (Pa. 1993) (reversing judgment of sentence based on insufficiency of the evidence, *not* weight of the evidence).

trial for substantive purposes, does not rise to this level. **See Lewis**, 911 A.2d at 566 ("[Q]uestions concerning inconsistent testimony … go to the credibility of witnesses. This Court cannot substitute its judgment for that of the jury on issues of credibility.") (citations omitted). No relief is due Appellant.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/9/2015