J-S65008-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| WILLIAM FERGUSON, | |
| Appellant | No. 2061 EDA 2014 |

Appeal from the Judgment of Sentence October 21, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003810-2012

BEFORE:  BENDER, P.J.E., SHOGAN, J., and JENKINS, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED DECEMBER 01, 2015**

William Ferguson appeals from the judgment of sentence of life imprisonment without the possibility of parole, imposed October 21, 2013, following a jury trial resulting in his conviction for first-degree murder, robbery and related offenses.[1]  We affirm.

We adopt the following statement of facts, derived from the trial court's opinion, which in turn is supported by the trial record.  **See** Trial Court Opinion, 12/04/2014, at 2-10.

---

[1] Appellant was charged with murder, robbery, possession of firearm prohibited, theft by unlawful taking, receiving stolen property, firearms not to be carried without a license, carrying firearms in Philadelphia, possessing an instrument of crime, and unauthorized use of motor vehicle.  **See** 18 Pa.C.S. §§ 2502, 3701(a)(1)(i), 6105(a)(1), 3921(a), 3925(a), 6106(a)(1), 6108, 907(a), and 3928(a), respectively. An initial conspiracy charge, **see** 18 Pa.C.S. § 903(c), was dismissed for lack of evidence.

On December 7, 2011, Sylvain Middleton and Appellant were drinking beer and smoking marijuana. They decided to purchase cocaine, and so Mr. Middleton called Keith Allen, a friend from whom Mr. Middleton had purchased cocaine previously. Mr. Middleton and Mr. Allen arranged to meet in the area of Rugby and Upsal Streets in Philadelphia.

Mr. Middleton and Appellant drove to the area together in Mr. Middleton's car. However, Appellant exited the vehicle to meet an unknown person, and Mr. Middleton proceeded to meet with Mr. Allen separately.

Mr. Middleton entered the front passenger seat of Mr. Allen's SUV to complete the drug transaction, whereupon Appellant entered the rear passenger seat, pointed a gun at Mr. Allen, demanded his money and drugs, and ordered Mr. Middleton out of the SUV. Mr. Allen placed drugs and money on the front seat. As Mr. Middleton exited the SUV, he heard multiple gunshots. He immediately left the area, driving away in his car.

Contemporaneously, Vanderick Desper was driving on Upsal Street when he passed Mr. Allen's SUV on the wrong side of the street up against a pole. Believing an accident had occurred, Mr. Desper backed his car up to get a closer look and observed the driver of the SUV being assaulted by someone in the back seat. Mr. Desper parked nearby and called 911 to report the assault. Following his initial 911 call, Mr. Desper observed a flash of light coming from inside of the SUV, so he called 911 a second time.

Officers Jonathan Berryman and Daniel McMonagle received a radio call for an assault in progress at Upsal and Rugby Streets. Upon their arrival, they observed Appellant seated in the driver's seat of Mr. Allen's SUV. Appellant stated he was trying to get Mr. Allen to a hospital. The officers found Mr. Allen outside the vehicle, unresponsive, with multiple gunshot wounds. Mr. Allen was pronounced dead at the scene.

Officer Berryman observed a firearm inside the vehicle. Officer McMonagle frisked Appellant and recovered U.S. currency and what appeared to be cocaine. Subsequently, police recovered a nine-millimeter, semi-automatic firearm, as well as multiple fired cartridge cases, from the SUV. Forensic evidence introduced at Appellant's trial established that the firearm recovered from the SUV was the murder weapon. On the night of the murder, Appellant tested positive for gunpowder residue on both of his hands.

Tasheima King was the registered owner of the murder weapon. Ms. King testified at Appellant's trial that she had purchased the firearm for another individual, but it went missing around the time Appellant visited her home in Columbia, Pennsylvania.

DNA samples were taken from the murder weapon, a fired cartridge case, and the sweatband of a Philadelphia Eagles hat found in the SUV. For comparison purposes, DNA samples were also taken from both Appellant and Mr. Middleton. The victim's DNA was not tested. Mr. Middleton was

excluded as a contributor to any of the DNA evidence collected from the murder scene. Appellant's DNA was found on the slide area of the firearm; results were inconclusive on the trigger, but included DNA from an unknown male; and Appellant's DNA was not present on the grip of the firearm. The sweatband contained DNA from the same unknown male.[2] No discernible DNA was recovered from the fired cartridge case.

Appellant testified on his own behalf. According to Appellant, he often engaged in drug transactions with the victim. On the night of the murder, Appellant and the victim drove together to complete a transaction. Upon their arrival at the predetermined location, Mr. Middleton entered the SUV with another person unknown to Appellant. According to Appellant, this unknown person assaulted and shot the victim but fled prior to the arrival of the police. Appellant's father and cousin also testified on his behalf.

Following his trial in October 2013, a jury convicted Appellant of murder of the first degree, robbery, and several weapons-related offenses. The court imposed an aggregate sentence of life imprisonment without parole.[3] Appellant filed a post-sentence motion that was denied without a hearing.

---

[2] Notably, Tammy Allen, the victim's wife, testified that the Eagles hat belonged to her husband.

[3] The court also imposed concurrent sentences of 5-10 years' imprisonment for robbery; 3½-7 years' imprisonment for carrying firearms in Philadelphia; *(Footnote Continued Next Page)*

- 4 -

In April 2014, Appellant filed a petition seeking leave to appeal *nunc pro tunc*. The trial court granted his petition. In July 2014, Appellant appealed and thereafter filed a court-ordered Pa.R.A.P. 1925(b) statement. In December 2014, the trial court issued a responsive opinion.

Appellant failed to submit an appellate brief. The matter was remanded to ascertain whether appointed counsel abandoned Appellant. Following a hearing, the trial court determined that counsel's failure to submit a brief was due to circumstances beyond counsel's control. Accordingly, a new briefing schedule was set. The matter is now ready for disposition.

Appellant raises the following issues on appeal, reversed for ease of analysis:

> 1. Whether the verdict is against the sufficiency of the evidence, based on the results of DNA analysis in this case; and
>
> 2. Whether the verdict is against the weight of the evidence, based on the results of the DNA analysis in this case.

*See* Appellant's Brief, at 4.

Appellant purports to challenge the sufficiency of the evidence presented at trial.

> In order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must

*(Footnote Continued)* ———————————

2½-5 years' imprisonment for carrying a firearm without a license; and 2½-5 years' imprisonment for possessing an instrument of crime. The remaining charges were *nolle prossed*.

state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient. Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt.

***Commonwealth v. Garland***, 63 A.3d 339, 344 (Pa. Super. 2013) (internal citations and quotation marks omitted); ***see also Commonwealth v. Gibbs***, 981 A.2d 274 (Pa. Super. 2009), *appeal denied*, 3 A.3d 670 (Pa. 2010).

Here, Appellant offers no analysis of any particular elements that comprise the charges against him. For example, to prove murder of the first degree, the Commonwealth must establish: (1) that a human being has been unlawfully killed; (2) that the person accused did the killing; and (3) that the killing was done with malice aforethought, as well as with premeditation and deliberation. ***See Commonwealth v. Fox***, 619 A.2d 327, 335 (Pa. Super. 1993); 18 Pa.C.S. § 2502(a). However, Appellant neither identifies these elements nor argues how the evidence presented by the Commonwealth fails to establish them. ***See*** Appellant's Pa.R.A.P. 1925(b) Statement; see also Appellant's Brief at 13-14. Accordingly, we deem Appellant's claim waived. ***See Garland***, ***supra***.

Absent waiver, we note that Appellant's claim is devoid of merit. We review a challenge to the sufficiency of the evidence in the following manner:

In determining whether there was sufficient evidentiary support for a jury's finding [], the reviewing court inquires whether the proofs, considered in the light most favorable to the Commonwealth as verdict winner, are sufficient to enable a reasonable jury to find every element of the crime beyond a reasonable doubt. The court bears in mind that: the Commonwealth may sustain its burden by means of wholly circumstantial evidence; the entire trial record should be evaluated and all evidence received considered, whether or not the trial court's rulings thereon were correct; and the trier of fact, while passing upon the credibility of witnesses and the weight of the evidence, is free to believe all, part, or none of the evidence.

***Commonwealth v. Diggs***, 949 A.2d 873, 877 (Pa. 2008) (citations omitted).

Here, Appellant suggests that the DNA evidence recovered from the murder weapon was insufficient to establish that he was the shooter. ***See*** Appellant's Brief at 14. Even accepting Appellant's premise, he nonetheless fails to account for the additional, overwhelming evidence presented by the Commonwealth, including for example, (1) eyewitness testimony that Appellant murdered the victim, (2) physical evidence of gunpowder residue found on Appellant's hands, and (3) circumstantial evidence that Appellant took the murder weapon from an acquaintance's home. Viewed in the light most favorable to the Commonwealth, as verdict winner, the evidence was sufficient to enable a reasonable jury to convict Appellant of the crimes charged.

Appellant also asserts that the verdict was against the weight of the evidence. Specifically, though Appellant concedes that his DNA was

recovered from the slide area of the murder weapon, he argues that if he had been the shooter, "his DNA would have been all over the pistol grip and trigger [of the murder weapon]." Appellant's Brief at 12.

A motion for a new trial based on the weight of the evidence concedes that there is sufficient evidence to sustain the verdict. *See* ***Commonwealth v. Widmer***, 744 A.2d 745, 751 (Pa. 2000). It is "addressed to the discretion of the trial court." *Id.* "The trial court will award a new trial only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice." ***Commonwealth v. Cousar***, 928 A.2d 1025, 1036 (Pa. 2007). We will grant appellate relief only "where the facts and inferences of record disclose a palpable abuse of discretion." *Id.* A trial court's decision to deny a motion for a new trial is the "least assailable" of its rulings. *Id.*

Appellant's suggestion that the DNA evidence against him was inadequate merely raises a question of fact to be resolved by the jury. The evidence of Appellant's guilt was overwhelming, and the jury's verdict was in accordance with that evidence. Accordingly, we discern no abuse of discretion in the trial court's denial of Appellant's weight of the evidence claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/1/2015