J-A25036-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
:   PENNSYLVANIA
:
v.                          :
:
:
NORMAN SCOTT SR.,          :
:
Appellant.        :   No. 1716 EDA 2017

Appeal from the Judgment of Sentence, April 24, 2017,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-SA-0000468-2017.

BEFORE:  PANELLA, J., DUBOW, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:        **FILED DECEMBER 07, 2018**

Norman Scott, Sr., appeals *pro se* from the judgment of sentence entered following a summary appeal from his conviction for failing to obey a traffic signal.[1]  We affirm.

The pertinent facts and procedural history are as follows:  On November 19, 2016, at approximately 9:00 p.m., Philadelphia Police Officer Paul Johnson was travelling westbound on Haverford Avenue in West Philadelphia. He followed an orange Toyota truck for approximately four car-lengths.  As Officer Johnson and the truck in front of him approached the intersection of 56th Street, the car in front of the truck disregarded a red traffic signal and crossed the intersection.  The driver of the truck did likewise, while travelling at a high

---

[1] 75 Pa.C.S.A. § 3111.

rate of speed. Officer Johnson stopped the truck operated by Scott at the next intersection. Officer Johnson issued Scott a traffic citation for disregarding a red signal.

On February 23, 2017, the Philadelphia Municipal Court-Traffic Division held a hearing on Scott's citation. At the conclusion of the hearing, the court found Scott guilty of the traffic infraction and sentenced him to pay a fine of $146.50. Scott filed a timely appeal to the court of common pleas. The trial court held a *de novo* summary trial on April 24, 2017. At the conclusion of trial, the court found Scott guilty and sentenced him to pay a fine of $146.50. This appeal followed.

Scott raises the following issues for our review:

A. Whether the trial court, committed legal error and abuse of discretion by denying [Scott] a fair trial.

B. Whether the trial court, committed legal error and abuse of discretion, by denying [Scott] the ability to cross [examine] the witness.

C. Whether the trial court, committed legal error and abuse of discretion, by denying [Scott] the ability to introduce evidence at trial.

Scott's Brief at 5.

Scott provides a one paragraph argument as to each issue, but does not cite any case law or legal authority to support his positions. The three paragraphs read as follows:

> [Scott] did not receive a fair and just trial. [He] was not made aware of the [court's rules] at the time of trial. [Scott]

was not informed of cross-examination of the witness at trial. [He] was not permitted to introduce evidence at trial. [Scott] did not get his day in court. [He] was [taken] advantage of by the Commonwealth at trial.

\*\*\*

[Scott] did not have the opportunity to cross examine the only witness. This is a clear example of the lack of credibility on the [Commonwealth's] part.

\*\*\*

[Scott] was unable to present Exhibits at trial. [He] attempted to show that the intersection is a three-way intersection see exhibit "B." The trial Judge did not inform [Scott] of the rules of evidence at trial.

Scott's Brief at 6-7.

The Commonwealth asks us to find that Scott waived all of his claims on appeal due to the several defects in his appellate brief. **See** Commonwealth's Brief at 5-7. We decline to find waiver. Nevertheless, our review of the record refutes each assertion made by Scott.

Preliminarily, we note that all of Scott's issues concern the admission of evidence at his non-jury summary trial. Thus, we will address them collectively. "Procedural due process guarantees that a defendant has the right to present competent evidence in his defense[.]" **Commonwealth v. Konias**, 136 A.3d 1014, 1019 (Pa. Super. 2016). In addition, it is well-settled that, "at trial, the right to cross-examine is essential to the protections granted" under both the federal and state constitutions. **Commonwealth v. Fox**, 619 A.2d 327, 333 (Pa. Super. 1993).

At the summary appeal, Officer Johnson first testified for the Commonwealth, and recalled watching Scott, while operating an orange truck, disregard a red light at a high rate of speed. N.T., 4/24/17, at 6. The court then asked Scott his version of events, and Scott stated that he had a green light as he proceeded through the intersection. N.T., 4/24/17, at 8. The trial court then permitted Scott to introduce as exhibits the photos of the intersection he had captured from Google Maps. *Id.* at 8-10. The Commonwealth then recalled the officer and, following further examination, the trial court asked Scott if he wished to add "anything else." *Id.* at 12. Scott did not cross-examine the officer but instead provided the court with additional facts to support his version of the incident.

Upon review, we conclude that Scott received a fair trial. Both he and the Commonwealth were permitted to put in evidence and/or exhibits, and the trial court chose to believe Officer Johnson's testimony that the traffic signal was red when Scott went through the intersection. We cannot disturb this credibility determination. *See generally*, *Commonwealth v. Kinney*, 157 A.3d 968 (Pa. Super. 2017).

In addition, although Scott may not have understood his right to cross-examine the officer, we cannot conclude that he was denied an opportunity to do so. As this Court has recently reiterated:

> [The] status as a *pro se* litigant does not entitle [the appellant] to any advantage due to his lack of legal training. Further, a layperson choosing to represent himself in a legal proceeding to a reasonable extent assumes the risk that his lack of legal training will place him at a disadvantage.

***Commonwealth v. Ray***, 134 A.3d 1109, 114 (Pa. Super. 2016).

Judgment of sentence affirmed.

Judge Panella joins the memorandum.

Judge Dubow concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/7/18