685 A.2d 564

**COMMONWEALTH of Pennsylvania**

v.

**David John BANGO, Appellant.**

Superior Court of Pennsylvania.

Submitted June 10, 1996.

Filed Nov. 4, 1996.

Thomas M. Bianco, Indiana, for appellant.

Andrea F. McKenna, Deputy Attorney General, Harrisburg, for the Commonwealth, appellee.

Before BECK, KELLY and BROSKY, JJ.

BECK, Judge:

In this case we determine, *inter alia,* that the trial court did not err when it permitted the jury during deliberations to review transcripts of audio tapes. The audio tapes were properly admitted at trial. We affirm.

Appellant David John Bango appeals from the judgment of sentence following a jury trial in which appellant was found guilty of twenty-three (23) counts of Possession with Intent to Deliver a Controlled Substance. 35 P.S. § 780–01, *et seq.* He was also found guilty of one count of Criminal Conspiracy, 18 Pa.C.S. § 903.

Appellant asserts the trial court abused its discretion in permitting the jury, during deliberations, to review transcripts of various intercepted audio tape recordings. Central to appellant's arguments in this case are fifty (50) audio tape recordings of intercepted telephone conversations between appellant and others where various aspects of the delivery of controlled substances are discussed, and three (3) audio tape recordings of face-to-face conversations between appellant and an informant, Randy Chisea, on which appellant is heard to be selling controlled substances to Mr. Chisea.[1] Before each tape was played at trial, Vincent Pothoff, a Pennsylvania State Trooper, who was in charge of the investigation of the appellant and who set up the wiretaps, identified the time and date of the particular recording and identified the parties to the conversation (appellant and one other person). After each tape was played, Trooper Pothoff summarized the substance of the telephone call. Appearing as witnesses for the Commonwealth were those individuals whose conversations with

---

1. These audio tapes were made pursuant to the Wiretapping and Electronic Surveillance Control Act, 18 Pa.C.S.A. § 5701, *et seq.* Appellant does not challenge the Commonwealth's compliance with this Act.

appellant were recorded. They verified the summaries or quotations offered by Trooper Pothoff.

At trial the Commonwealth distributed transcripts of the recorded conversations to aid the court and the jury in following the tapes. There was a separate transcript for each recorded conversation. These transcripts were made by Trooper Pothoff from whom testimony was adduced at trial concerning their accuracy. (N.T. 22, 59). The testimony of other state police troopers who monitored the taped calls was also adduced at trial. (N.T. 72–88). The tapes were entered into evidence, but the transcripts were not. Although provided to the jury during the course of the trial, and collected after each tape was played, these transcripts were not initially sent out with the jury when the panel left the courtroom for deliberations. Several hours into their deliberations, however, the jurors requested permission to hear the tapes again and review the transcripts. The court agreed to provide the jurors with both. In response to an objection by appellant's trial counsel concerning the jury's use of the transcripts, the court instructed the jurors that the tapes and not the transcripts were evidence and therefore they were to rely on only the tapes in reaching a verdict. (N.T. 424). We note the jurors were also given access to the tapes and a tape recorder at the same time they received the transcripts. Appellant does not challenge the propriety of providing the jury with the tapes.

■ Our standard for review where the document provided to the jury is a trial exhibit is whether the trial court abused its discretion in permitting the jury access to such document. *Commonwealth v. Fox,* 422 Pa.Super. 224, 619 A.2d 327 (1993), *appeal denied,* 535 Pa. 659, 634 A.2d 222 (1993). This standard is derived from Pa.R.Crim.P. 1114, which provides that "[u]pon retiring, the jury may take with it such exhibits as the trial judge deems proper." Pa.R.Crim.P. 1114(1).

■ Pennsylvania has not yet had occasion to consider whether it is advisable to read Pa.R.Crim.P. 1114 expansively to include transcripts of tapes where the tapes have been

marked as exhibits and entered into evidence, but the transcripts have not.[2] Federal courts have considered this question and have found it permissible for jurors to review transcripts of tapes during their deliberations as long as certain safeguards are present. *See, e.g., United States v. Scarborough,* 43 F.3d 1021 (6th Cir.1994); *United States v. Crowder,* 36 F.3d 691 (7th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1146, 130 L.Ed.2d 1105 (1995); *United States v. Taghipour,* 964 F.2d 908 (9th Cir.1992), *cert. denied,* 506 U.S. 899, 113 S.Ct. 283, 121 L.Ed.2d 210 (1992); *United States v. Nixon,* 918 F.2d 895 (11th Cir.1990); *United States v. Puerta Restrepo,* 814 F.2d 1236 (7th Cir.1987); *United States v. Costa,* 691 F.2d 1358 (11th Cir.1982); *United States v. Turner,* 528 F.2d 143 (9th Cir.1975), *cert. denied sub nom, Grimes v. U.S.,* 423 U.S. 996, 96 S.Ct. 426, 46 L.Ed.2d 371 (1975), and *Hackett v. U.S.,* 429 U.S. 837, 97 S.Ct. 105, 50 L.Ed.2d 103 (1976).

The safeguards referred to in these cases are the use of limiting instructions to the effect that the transcripts of the tapes are not evidence and therefore should not be considered part of the evidence;[3] that the defense be given an opportunity to submit its version of the transcripts where inconsistencies exist between the transcripts and the audio tapes;[4] and that the defense should be given the opportunity to challenge the identity of speakers through cross examination of persons monitoring the taped telephone calls.[5]

The instant case is replete with safeguards. The jurors were instructed a number of times on the use of the transcripts: when the jurors were handed the transcripts during

2. Our supreme court has considered the question of whether the trial court has abused its discretion in permitting the jury to review transcripts of tapes during the course of trial, in conjunction with the playing of the tapes, and has concluded that where the accuracy of the tapes has not been challenged, this procedure is proper. *See Commonwealth v. Rodriguez,* 519 Pa. 415, 548 A.2d 1211 (1988); *Commonwealth v. Stetler,* 494 Pa. 551, 431 A.2d 992 (1981).

3. *See, e.g., United States v. Scarborough, supra* at 1025; *United States v. Costa, supra* at 1362; *United States v. Puerta Restrepo, supra* at 1242.

4. *See, e.g., United States v. Crowder, supra* at 697; *United States v. Nixon, supra* at 902.

5. *See, e.g., United States v. Nixon, supra* at 902.

trial, when the judge charged the jury, and when the judge permitted the transcripts to go to the jury room during deliberations. The judge emphasized that the audio tapes and not the transcripts were the evidence, and that any discrepancy between the two must be resolved in favor of the audio tapes themselves. Moreover, appellant had an opportunity to cross-examine the Pennsylvania State Trooper, who monitored the recorded telephone calls and identified the parties.

Appellant acknowledges the court's use of cautionary instructions but suggests that they were inadequate because the jury appears to have disregarded the instructions as to the use of the transcripts. It is well settled that the law presumes the jury does as it is instructed. *Commonwealth v. Brown,* 444 Pa. 318, 282 A.2d 364 (1971); *United States v. Costa, supra.* Hence appellant is precluded from questioning whether the jury actually heeded the trial court's instructions on its use of the transcripts.

Nevertheless, appellant continues to argue that it was error for the jury to be given access to the transcripts during deliberation. For the reasons stated above, we do not agree. The purpose of permitting the jury access to the transcripts was to make their deliberations more informed. With appropriate cautionary instructions, the jury's access to the spoken as well as the written word provided important guidance. We point out that the trial is the forum for finding truth. The jury's deliberations represent the process by which the fact finders establish what they believe to be true. For policy reasons, where materials inform a jury and aid it in the difficult task of determining facts, the jury should be permitted to study those materials during its deliberations. In the instant case armed with proper cautionary instructions relating to the requirement that the tapes rather than the transcripts are to be considered valid, the jury could only benefit by the use of the transcripts as an aid in its assessment of the tapes. Because we find that access to the transcripts during deliberations was not court did not abuse its discretion in permitting such access.

The second issue this Court is asked to consider is whether under three circumstances the appellant received ineffective assistance of counsel at trial. Appellant asserts counsel was ineffective in failing to challenge the accuracy of the transcripts; in failing to review the tape recordings of conversations between appellants and others prior to trial and consequently in failing to object to their admission into evidence at trial; and in advising appellant that he should testify at trial.

The standard for determining whether a party received ineffective assistance of counsel, a three-pronged analysis, is set forth in our supreme court's decision in *Commonwealth v. Travaglia*, 541 Pa. 108, 661 A.2d 352 (1995):

> To establish an ineffective assistance of counsel claim, appellant must first demonstrate that the underlying claim is of arguable merit; then, that counsel's action or inaction was not grounded on any reasonable basis designed to effectuate appellant's interest; and finally, that but for the act or omission in question, the outcome of the proceedings would have been different.

*Id.* at 118, 541 Pa. 108, (1995). The appellant bears the burden of establishing his counsel's ineffectiveness, because counsel's stewardship at trial is presumed effective. *Id.* at 118–20, 661 A.2d at 357; *Commonwealth v. Weiss*, 530 Pa. 1, 606 A.2d 439 (1992). While the appellant must establish that all three prongs have been met to make out an ineffectiveness claim, the appellee may defeat an ineffectiveness claim simply by demonstrating that the prejudice prong has not been met. *Commonwealth v. Travaglia, supra* at 118–20, 661 A.2d at 357, *cert. denied,* —— U.S. ——, 116 S.Ct. 931, 133 L.Ed.2d 858 (1996) (citing *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

There is no support in the record for appellant's claim that his trial counsel was ineffective for failing to challenge the accuracy of the transcripts. Appellant has not identified inaccuracies in the transcripts. While he suggests that portions of the tapes were inaudible, he does not state, nor can he, that the inaudible portions compromised the transcripts.

Appellant has not raised an issue of arguable merit. Therefore, he cannot prevail on his claim of ineffectiveness.

As to appellant's claim that his trial counsel was ineffective for failing to review the tapes prior to trial and for failing to object to their admission into evidence, appellant has not affirmatively demonstrated how such alleged inaction prejudiced him. The only defect in the tapes to which appellant refers is their inaudibility in places.[6] According to the record, however, only one of 53 tapes was of poor quality. Because appellant was found not guilty of the claims arising from that one inaudible tape (N.T. 433), appellant can show no prejudice resulting from his trial counsel's failure to object to the tapes' admission into evidence. Therefore, appellant cannot prevail on his ineffectiveness claim.

Appellant's final basis for his ineffectiveness of counsel claim is that his trial counsel advised him to testify at trial. Counsel's advice was based on counsel's attempt to establish a duress defense. *Commonwealth v. Martin,* 346 Pa.Super. 129, 142, 499 A.2d 344, 351 (1985) instructs that unless appellant can show that counsel interfered with his freedom to decide to testify or unless appellant can point to specific advice of counsel so unreasonable as to vitiate a knowing and intelligent decision to testify, appellant cannot succeed on an ineffective assistance of counsel claim. Appellant has not met this burden, and therefore his claim of ineffectiveness fails.

Judgment of sentence affirmed.

---

6. It is unlikely appellant's trial counsel would have prevailed had he objected to the admissibility of the tapes on the ground that parts of the tapes were inaudible. This Court has held that recordings are admissible despite imperfections, unless the imperfections are so substantial that the recordings as a whole are untrustworthy. *Commonwealth v. Leveille,* 289 Pa.Super. 248, 433 A.2d 50 (1981).