**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Edwin BAEZ, Appellant.**

Superior Court of Pennsylvania.

Argued June 14, 2000.
Filed Sept. 7, 2000.

Thomas L. McGill, Philadelphia, for appellant.

Catherine L. Marshall, Asst. Dist. Atty., Philadelphia, for Com., appellee.

BEFORE: HUDOCK, STEVENS, JJ., and CIRILLO, President Judge Emeritus.

STEVENS, J.:

¶ 1 This is an appeal *nunc pro tunc* from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County on January 9, 1998, following Appellant's conviction by a jury of first degree murder and possessing an instrument of crime. Herein, Appellant contends that (1) there was insufficient evidence to support his conviction of first degree murder, and (2) trial counsel was ineffective for failing to exclude prejudicial hearsay testimony and prior bad acts of Appellant. We affirm.

¶ 2 The relevant facts and procedural history are as follows: From 1985 until their separation in 1993, Appellant and Ms. Olga Toledo lived together as common law husband and wife, and had three children. On the evening of August 29, 1995, Ms. Toledo, arrived at her mother's house in a van driven by Luis Cruz (hereinafter "Victim") in order to meet Appellant and pick up the children from him. Also in the van with Ms. Toledo and Victim were Judy Hernandez, Maria Santiago, and their chil-

dren. Shortly after Ms. Toledo arrived at her mother's house, Appellant arrived with the children. Appellant exited his vehicle, approached the driver's side of the van, and began arguing with Victim. During the course of the argument, Appellant punched Victim in the face, pulled out a gun, and shot and killed Victim. Appellant fled the scene and was not apprehended by police until February 26, 1997.

¶ 3 Following a jury trial, Appellant was convicted of first degree murder and possessing an instrument of crime, and, thereafter, sentenced to life imprisonment and a consecutive six (6) to twelve (12) month term of imprisonment on the weapons conviction. Appellant filed a timely appeal; however, Appellant's counsel refused to file a Pa.R.A.P. 1925(b) Statement of Matters Complained of on Appeal pursuant to the court's order to do so, contending that he had not been paid by Appellant. Nevertheless, the court reviewed the notes of testimony and, by Opinion dated July 10, 1998, suggested dismissal of the appeal. This Court then dismissed Appellant's appeal for failure to file a brief. Appellant filed a *pro se* petition for relief under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541–9546, and, after counsel was appointed, filed a petition seeking reinstatement of Appellant's appellate rights. By Order dated October 22, 1999, such permission was granted, and, on October 29, 1999, this *nunc pro tunc* appeal was filed.[1]

¶ 4 Appellant first contends that there was insufficient evidence to support his conviction of first degree murder since the evidence did not prove that he had the specific intent to kill Victim. We disagree.

¶ 5 A recent Pennsylvania Supreme Court case discussed the elements of first degree murder and the applicable test for the sufficiency of the evidence as follows:

As in all cases where an appellate court reviews the sufficiency of the evidence, the test to be applied is whether, viewing all the evidence in the light most favorable to the verdict winner, there is sufficient evidence to enable the trier of fact to find every element of the crime of first degree murder beyond a reasonable doubt. In order to prove murder of the first degree the evidence must show that a human being was unlawfully killed, that the accused committed the killing, and that the killing was done in an intentional, deliberate and premeditated manner. The element which distinguishes first degree murder from all other degrees of criminal homicide is the presence of a willful, premeditated and deliberate intent to kill. Specific intent to kill may be inferred from the use of a deadly weapon upon a vital part of the victim's body.

*Commonwealth v. Clark*, 551 Pa. 258, 265, 710 A.2d 31, 34 (1998) (citations omitted).

¶ 6 Although Appellant argues that the evidence does not support a deliberate, premeditated murder, the Supreme Court has found that the intent to kill may be formulated in seconds:

Our cases have consistently held that the requirement of premeditation and deliberation is met whenever there is a conscious purpose to bring about death. This is emphasized by those decisions which have stated that the design to kill can be formulated in a fraction of a second. An analysis of our decisions indicate that the courts in this jurisdiction have determined that the distinction between murder of the first and second degree is the presence of a specific intent to kill. We can find no reason where there is a conscious intent to bring about death to differentiate between the degree of culpability on the basis of the elaborateness of the design to kill. The heinous element sought to be punished by the higher penalty (a finding of murder in the first degree) is

---

1. Pursuant to an order of court, Appellant submitted a Pa.R.A.P. 1925(b) Statement of Matters Complained of on Appeal, to which the court filed an opinion in accordance with Pa.R.A.P. 1925(a).

that the accused acted intending his acts to result in the death of another human being.

*Commonwealth v. O'Searo*, 466 Pa. 224, 239–240, 352 A.2d 30, 37–38 (1976) (citations and footnotes omitted).

¶ 7 In the present case, Ms. Toledo testified that, on the evening of August 29, 1995, as she was getting her children out of Appellant's car, she heard Appellant arguing with Victim. Shortly thereafter, she heard a shot and saw Appellant, with gun in hand, get into his vehicle and leave the scene. N.T. 1/7/98 at 41–42.

¶ 8 In addition, Detective Joseph Fischer of the Philadelphia Police Department, Homicide Division, Fugitive Squad, read into evidence portions of the statement given to him by Appellant on the day of Appellant's arrest. Contained within the statement was an admission by Appellant that he punched Victim in the face, and then pulled out a gun and "it just went off." *Id.* at 149–150.

¶ 9 The Commonwealth also presented the testimony Dr. Bennett Preston, Assistant Medical Examiner in Philadelphia, who stated that Victim suffered a gunshot wound to the left chest. Dr. Preston noted, in relevant part, the following:

> Now on his left arm, just in front of the elbow, there was what we call gunpowder stippling. This is burning gunpowder forming abrasions in the skin. This is consistent with him holding his arm up. He sees the gun, he holds his arm up. The gun is fired from the left, the stipple hits him in the arm, the bullet continues into his chest. So the range of the fire of the gun is about a foot away from the arm when it's fired. The bullet continues into the low chest and it passed to the right, down and backwards. Went through the left chest, went through the left lung in the diaphragm, the stomach, the aorta, the esophagus, the liver, the right lung and

it came out his right back under the armpit.

*Id.* at 73–74.

¶ 10 The above evidence presented by the Commonwealth belies Appellant's allegation that the evidence was insufficient to sustain his conviction for first degree murder. The evidence reveals that Appellant used deadly force, at close range, on a vital part of Victim's body, causing his death. *See Clark*, 551 Pa. at 265, 710 A.2d at 34; *Commonwealth v. Williams*, 537 Pa. 1, 640 A.2d 1251 (1994).

¶ 11 We note that, although Appellant argues that when he pulled the gun on Victim he was fearful that Victim was about to shoot him, and that the gun "just went off," it is for the fact finder to make credibility determinations, and the finder of fact may believe all, part, or none of a witness's testimony. *Commonwealth v. Griscavage*, 512 Pa. 540, 517 A.2d 1256 (1986). In this case, the jury was free to reject Appellant's contentions and accept the Commonwealth's version of the events in question, including the testimony of Dr. Preston, who testified that the findings on Victim's body were consistent with him holding his arm up in response to Appellant producing a gun. As such, we find that the evidence, viewed in the light most favorable to the Commonwealth as the verdict winner, was sufficient to sustain Appellant's conviction for first degree murder.

¶ 12 Appellant further contends that trial counsel was ineffective for failing to prevent the admission of prejudicial hearsay testimony of prior bad acts of Appellant. The standard under which we assess an ineffective assistance of counsel claim is well established:

> First, a defendant must show his claim to be of arguable merit. In the event this threshold requirement is satisfied, the defendant must next establish that defense counsel had no reasonable basis for undertaking or failing to undertake the act or omission in question. Finally,

the defendant must show that there is a reasonable probability that but for the act or omission in question the outcome of the proceeding would have been different. In other words, that the defendant suffered actual prejudice from the act or omission.

*Commonwealth v. Ellis*, 541 Pa. 285, 293, 662 A.2d 1043, 1047 (1995) (citations omitted). Counsel is presumed effective, and the appellant bears the burden of proving otherwise. *Commonwealth v. Tigney*, 730 A.2d 968, 969 (Pa.Super.1999).

¶ 13 Generally, evidence of prior bad acts unrelated to the offenses for which a defendant is being tried, is inadmissible unless it comes under a recognized exception and the need for the evidence outweighs the potential prejudice. *Commonwealth v. Elliott*, 549 Pa. 132, 700 A.2d 1243 (1997). There are several recognized exceptions justifying admission of such evidence "such as when the evidence of the prior bad act tends to prove malice, motive or intent for the offense charged." *Commonwealth v. Griffin*, 453 Pa.Super. 657, 684 A.2d 589, 594 (1996).

¶ 14 Appellant's ineffectiveness claim is based on counsel's failure to object when Commonwealth witness Judy Hernandez, who had become an uncooperative and hostile witness, was shown the signed statement she had given Homicide Detective Dominic Mangoni on August 30, 1995, and Commonwealth counsel proceeded to read verbatim a question and response from that statement. *See* Trial Court Opinion filed 12/10/99 at 6. Appellant further contends that counsel, again, failed to object when, during direct examination of Detective Mangoni, he read the same questionable portion of Ms. Hernandez's statement into evidence as follows:

2. We note that the properly admitted evidence of guilt, including Appellant's own statement, N.T. 1/7/98 at 49–50, was quite overwhelming.

3. In his brief, Appellant argues that the court erred in allowing Ms. Hernandez's statement to go with the jury during its deliberations.

'Question [Detective Mangoni]: Do you know why Twenty [Appellant] wanted to shoot [Victim] Luis?'

Response [Ms. Hernandez][:] 'Twenty [Appellant] was Olga's husband and the father of their children. He was separated from her for two years. He told her that if he saw her with anyone else he would kill the guy. Three months ago he threatened another guy that Olga was seeing. He had a gun then, too. I think that she reported it to the police.'

N.T. 1/7/98 at 123.

¶ 15 During the testimony of Ms. Hernandez, she denied making the above statements to Detective Mangoni. *Id.* at 95–96. Therefore, the written statement signed and adopted by Ms. Hernandez, *Id.* at 92–93, was admissible for impeachment and as substantive evidence. *See Commonwealth v. Lively*, 530 Pa. 464, 610 A.2d 7 (1992). In addition, the above statements evidencing Appellant's threat of violence were relevant to his malicious and deliberate state of mind at the time of the murder. *See Griffin*, 684 A.2d at 594; *See also Commonwealth v. Schwartz*, 419 Pa.Super. 251, 615 A.2d 350 (1992).

¶ 16 However, assuming, *arguendo*, that portions of Ms. Hernandez's statement were hearsay and that it was erroneous for trial counsel to not have objected to the reading of such, Appellant has failed to prove that he was prejudiced by this testimony; that is, but for the omission in question, the outcome of the proceeding would have been different.[2] *Ellis*, 541 Pa. at 293, 662 A.2d at 1047. Thus, Appellant's ineffective assistance of counsel claim predicated on counsel's failure to object to the evidence in question is without merit.[3]

In light of our discussion *supra* and the court's charge to the jury regarding this statement, N.T. 1/8/98 at 62, we find that the court did not abuse its discretion in this matter. *Commonwealth v. Bango*, 454 Pa.Super. 339, 685 A.2d 564, 565 (1996), *aff'd.*, 560 Pa. 84, 454 Pa.Super. 339, 742 A.2d 1070 (1999).

¶ 17 Based on the foregoing, we affirm the judgment of sentence.

¶ 18 Affirmed.