J.S23037/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| EDWIN BAEZ, | : | |
| | : | |
| Appellant | : | |
| | : | No. 2930 EDA 2015 |

Appeal from the PCRA Order September 17, 2015
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s): CP-51-CR-0400481-1997

BEFORE: PANELLA, OTT, and FITZGERALD,[*] JJ.

JUDGMENT ORDER BY FITZGERALD, J.:            **FILED MARCH 04, 2016**

Appellant, Edwin Baez, appeals *pro se* from the order of the Philadelphia County Court of Common Pleas dismissing his third Post Conviction Relief Act[1] ("PCRA") petition as untimely.  In addition to his numerous claims of trial errors and ineffective assistance of trial counsel, Appellant asserts the PCRA court denied him due process rights by dismissing all three of his petitions without evidentiary hearings.  We affirm.

The procedural relevant to this appeal is as follows.  On January 8, 1998, a jury found Appellant guilty of murder of the first degree and possessing an instrument of crime.  On January 9th, the trial court sentenced Appellant to life imprisonment.  This Court affirmed the judgment

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

of sentence in a published opinion. ***Commonwealth v. Baez***, 759 A.2d 936 (Pa. Super. 2000). The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on March 8, 2001. ***Commonwealth v. Baez***, 775 A.2d 800 (Pa. 2001).

Appellant filed his first PCRA petition on April 23, 2001. The PCRA court denied the petition as meritless without an evidentiary hearing. This Court affirmed on April 12, 006. ***Commonwealth v. Baez***, 2707 EDA 2002 (Pa. Super. Apr. 12, 2006). The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on August 24, 2006. ***Commonwealth v. Baez***, 906 A.2d 537 (Pa. 2006).

Appellant filed his second PCRA petition on November 10, 2010, which the PCRA court dismissed as untimely filed. Appellant did not take an appeal.

On March 17, 2015, Appellant filed the *pro se* PCRA petition, his third, which gives rise to this appeal. The PCRA court issued a Pa.R.Crim.P. 907 notice on August 17, 2015. Appellant filed a *pro se* response. The court dismissed Appellant's petition as untimely on September 17, 2015, and Appellant took this timely *pro se* appeal. The court did not order the submission of a Pa.R.A.P. 1925(b) statement.

Following our review, we agree with the PCRA court's determination that the instant petition was untimely, and affirm on the basis of that court's opinion setting forth the timeliness requirements of the PCRA. We note

J.S23037/16

Appellant alleges no PCRA time-bar exception regarding his present claim that the denial of his prior PCRA petitions without evidentiary hearings denied him due process. In any event, "the right to an evidentiary hearing on a PCRA petition is not absolute, and the PCRA court may decline to hold a hearing if the petitioner's claims are patently frivolous with no support in either the record or other evidence." ***Commonwealth v. Garcia***, 23 A.3d 1059, 1066 n.9 (Pa. Super. 2011).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/4/2016

- 3 -

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA : 

v. : CP-51-CR-0400481-1997 (PCRA)

EDWIN BAEZ : 

## OPINION

GLAZER, J. September 17, 2015

## PROCEDURAL HISTORY AND FACTS

The procedural history and facts of this case have been previously set forth in several opinions by this court, such as those issued on December 9, 1999 and September 20, 2011. Those opinions are incorporated by reference herein.

The instant Post Conviction Relief Act petition, defendant's third, was filed on March 17, 2015. A 907 Notice of Intent to Dismiss was filed and mailed to defendant on August 17, 2015, and defendant's response was received on September 9, 2015. Defendant's petition and subsequent correspondence also requested this court to appoint counsel to represent defendant, and for this court to hold an evidentiary hearing on this matter. For the reasons provided below, defendant's petition is dismissed as untimely.

## DISCUSSION

In 1998, defendant was sentenced to life imprisonment for first degree murder and possession of an instrument of a crime. Defendant filed a direct appeal, and on or about June 8, 2001, the Pennsylvania Supreme Court denied allowance of appeal, which rendered defendant's judgment to be final. After a conviction becomes final, an individual has one year to file a post



conviction petition.[1] Therefore, the instant petition, received approximately fourteen years after his conviction became final, is patently untimely unless it properly invokes one of the three exceptions to the one-year limitation pursuant to 42 Pa.C.S.A. §9545 (b)(1)(i)-(iii).

The three exceptions to the one-year limitation pursuant to 42 Pa.C.S.A. §9545 (b)(1)(i)-(iii) are:

> (i)      the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

If a petition does not satisfy the timeliness requirements, then the court is without jurisdiction to address the merits of a defendant's claims. See Commonwealth v. Robinson, 837 A.2d 1157, 1161 (Pa. 2003). "Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. §9545(b)(2). It is the defendant's burden to show why, with due diligence, he could not have discovered the claim earlier. Commonwealth v. Breakiron, 781 A.2d 94, 98 (Pa. 2001). Additionally, in order to be eligible for relief, the petitioner must raise an "allegation of error [that] has not been previously litigated or waived." 42 Pa.C.S.A. §9543(a)(3). An issue is deemed to have been waived "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post conviction proceeding." 42 Pa.C.S.A. §9544(b).

---

[1] Because the instant petition is not defendant's first, the one-year grace period provided in the 1996 amendments to the PCRA "does not apply to second or subsequent petitions, regardless of when the first petition was filed." Commonwealth v. Fairiror, 809 A.2d 396, 398 (Pa. Super. 2002), appeal denied, 573 Pa. 703, 827 A.2d 429 (2003).

Defendant's petition asserts various claims of ineffective assistance of counsel and unspecified exculpatory evidence that was previously unknown to defendant. However, since defendant was sentenced approximately *seventeen* years ago, defendant fails to establish how these claims have not been waived and/or could not have been brought at an earlier time. As such, defendant's petition is deemed untimely.

Based on the foregoing, this court finds that defendant has not satisfied any of the three exceptions to the strict statutory time-bar, thereby prohibiting the court from addressing the merits of his claims. The petition is hereby dismissed as untimely, and defendant's requests for counsel and an evidentiary hearing are denied.

BY THE COURT:

GLAZER, J.

3

## PROOF OF SERVICE

I, Eli Marc Bensignor, law clerk to the Honorable Gary S. Glazer, hereby certify that I served

on September 17, 2015, by first-class mail, postage prepaid, a true and correct copy of the

foregoing Notice upon the following:

Robin Godfrey, Esquire
District Attorney's Office
PCRA Unit
3 South Penn Square
Corner of Juniper and S. Penn Square
Philadelphia, PA 19107-3499

Natasha Lowe, Esquire
PCRA Unit
Criminal Justice Center, Room 206
1301 Filbert Street
Philadelphia, PA 19107

**CERTIFIED MAIL**
Edwin Baez, DM-3888
SCI- Mahanoy
301 Morea Rd.
Frackville, PA 17932

Eli Marc Bensignor, Esq.
Law Clerk