J-A15028-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MALIK RHODEN | : | |
| | : | |
| Appellant | : | No. 3316 EDA 2017 |

Appeal from the Judgment of Sentence May 11, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012762-2014

BEFORE: BENDER, P.J.E., GANTMAN, P.J.E., and COLINS*, J.

MEMORANDUM BY GANTMAN, P.J.E.:          **FILED JULY 09, 2019**

Appellant, Malik Rhoden, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his jury trial conviction for conspiracy to commit murder.[1] We affirm.

In its opinion, the trial court fully and correctly set forth the relevant facts and procedural history of this case. Therefore, we have no reason to restate them.

Appellant raises the following issues for our review:

> WAS THE GUILTY VERDICT FOR CONSPIRACY TO COMMIT MURDER AGAINST THE WEIGHT OF THE EVIDENCE AS THE JURY FOUND APPELLANT NOT GUILTY OF ATTEMPTED MURDER, AGGRAVATED ASSAULT AND ALL OTHER CHARGES AND BECAUSE THE ONLY EVIDENCE TYING APPELLANT TO THE SHOOTING CAME FROM CRIMINAL WITNESSES WHO GAVE FALSE STATEMENTS TO POLICE

---

[1] 18 Pa.C.S.A. § 903 (section 2502 related).

---

* Retired Senior Judge assigned to the Superior Court.

AND THEN LATER TESTIFIED THAT APPELLANT WAS NOT THE SHOOTER?

WAS THE EVIDENCE INSUFFICIENT TO SUSTAIN THE GUILTY VERDICT FOR CONSPIRACY TO COMMIT MURDER AS THERE WAS INSUFFICIENT EVIDENCE THAT APPELLANT AGREED WITH ANOTHER TO COMMIT MURDER, AND WAS MERELY PRESENT IN THE BUICK LESABRE?

DID THE TRIAL COURT ERR BY ALLOWING INTO EVIDENCE OTHER ACTS EVIDENCE THAT APPELLANT WAS A MEMBER OF A GANG OR CREW, WHICH WAS SPECULATIVE AND BASED ON APPELLANT'S COMING FROM A CERTAIN NEIGHBORHOOD, AND THE EVIDENCE WAS UNFAIRLY PREJUDICIAL TOWARD APPELLANT, WAS MISLEADING AND CAUSED CONFUSION TO THE JURY?

(Appellant's Brief at 7).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Donna M. Woelpper, we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (*See* Trial Court Opinion, filed November 9, 2018, at 3-8) (finding: **(1)** inconsistent verdicts are permissible so long as there is sufficient evidence to sustain guilty verdict; Appellant was passenger in vehicle, together with two others, when several shots were fired from vehicle at Victim; in his statement to police, Victim identified Appellant as shooter; Victim's statement to police was corroborated by witness, who identified vehicle involved in shooting; Victim's prior inconsistent statement was admissible to rebut Victim's recantation at trial; jury was free to credit Victim's prior statement to police over his trial testimony; verdict did not shock one's sense of justice;

**(2)** circumstances of case provided sufficient evidence of conspiracy to sustain Appellant's conviction, where trial evidence showed Appellant was associated with two others in vehicle, present at scene of shooting, and participated in shooting; **(3)** evidence that neighborhood affiliations of Appellant and his cohorts differed from Victim's affiliation was relevant to show motive to shoot Victim in retaliation for shooting of associate of Appellant and his cohorts that occurred one day earlier; shooting in this case "grew out of" prior incident; probative value of this evidence outweighed any prejudicial effect). Accordingly, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/9/19

**FILED**
2018 NOV -9 AM 11: 56
OFFICE OF JUDICIAL RECORDS
FIRST CRIMINAL DIVISION
OF JUDICIAL DISTRICT
OF PENNSYLVANIA

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF　　　　　　　:　　CP-51-CR-0012762-2014
PENNSYLVANIA　　　　　　　　　:
　　　　　　　　　　　　　　　　:
　　　v.　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　:　　SUPERIOR COURT
MALIK RHODEN　　　　　　　　　:　　3316 EDA 2017

## OPINION



CP-51-CR-0012762-2014 Comm. v. Rhoden, Malik
Opinion

8188082451

WOELPPER, J.　　　　　　　　　　　　　　　　　NOVEMBER 9, 2018

## I.　　PROCEDURAL & FACTUAL BACKGROUND

On March 3, 2017, a jury convicted Malik Rhoden ("Defendant") of conspiracy to commit murder.[1] Defendant appeals his judgment of sentence, challenging the weight and sufficiency of the evidence, and an evidentiary ruling. His claims are meritless.

The victim in this case was Deion Tindel ("Tindel"). On May 29, 2012, while Tindel stood on the corner of 20th and Parrish Streets, a tan Buick LeSabre pulled up to the stop sign. Inside the vehicle were Defendant, Bysil Howzell, and Dante Brown. From the front passenger window, Defendant fired several shots at Tindel. One bullet struck him in the left foot. Notes of Testimony ("N.T."), 3/1/17 at 26, 99, 122.

On that date, Philadelphia police officers Steven Toner and Michael O'Brien were patrolling the 22nd District in a marked police vehicle. At approximately 7:45 P.M., they heard several gunshots. The officers drove in the direction of 20th and Parrish Streets located in the 9th District. At the intersection of 20th and Ogden Streets, the officers came across the gunshot

---

[1] 18 Pa.C.S. § 903 (section 2502 related).

victim, Tindel. They transported him to Hahnemann Hospital and remained with him until relieved by 9th District police officers. N.T. 2/28/17 at 47–50.

Around the same time, Officers Mallard and Farrell received a radio call describing multiple gunshots possibly involving three black males in a tan or gold Buick LeSabre. In the area of 19th and Fairmount Streets, the officers observed a tan Buick LeSabre occupied by three black males. The vehicle pulled to the side to allow an ambulance to go by. While pulled over, the front seat passenger exited the vehicle and got into the driver's seat. The driver moved across to the front passenger's seat. At this time, Defendant became the driver, the front seat passenger was Bysil Howzell, and Dante Brown remained the rear passenger. The officers secured the car and brought Jacqueline Simonet, a witness of the shooting, to identify the vehicle. N.T. 3/1/17 at 118–20, 122.

At 9:00 P.M., following his release from the hospital, officers brought Tindel to Central Detective Division to give a statement. Tindel met with Detective Michael Rocks. In his statement, Tindel identified Defendant as the male that shot him. He further stated that he had known Defendant his entire life. Tindel also selected Defendant as the male that shot him from a photo array presented by Detective Kerwin. *Id.* at 213, 216–17. Tindel signed the statement.

After the jury found Defendant guilty of conspiracy to commit murder, this Court deferred sentencing for completion of a presentence investigation. On May 9, 2017, defense counsel filed a motion for a new trial. The Court denied Defendant's motion on May 11, 2017 and sentenced him to six-and-one-half to thirteen years of incarceration.

On May 16, 2017, Defendant filed a Motion for Reconsideration of Sentence, which this Court denied on September 12, 2017. Defendant filed a timely *pro se* notice of appeal on October 6, 2017. Pursuant to the Court's 1925(b) order entered the same day, Defendant filed a

2

*pro se* Statement of Errors Complained of on Appeal on October 30, 2017. On February 14, 2018, Defendant file a *pro se* motion for new counsel. On March 12, 2018, the Superior Court remanded the case for a *Grazier* Hearing. A *Grazier* Hearing was scheduled on April 13, 2018. Defendant participated via teleconference. Trial counsel, Donald Chisholm, Esq., was vacated and new counsel was appointed. On April 18, 2018, court appointed counsel, Daniel Alvarez, Esq., entered his appearance. On April 27, 2018, this Court entered its second 1925(b) order. On May 6, 2018, counsel filed a Statement of Matters Complained of on Appeal.

## II.   DISCUSSION

### A. *Weight of the Evidence*

Defendant's first claim is that the conspiracy to commit murder verdict was against the weight of the evidence. A defendant is not entitled to a new trial based on a weight of the evidence claim unless the verdict "is so contrary to the evidence as to shock one's sense of justice." *Commonwealth v. Diggs*, 949 A.2d 873, 879 (Pa. 2008). Appellate review is limited to whether the trial judge palpably abused its discretion in denying the appellant's motion for a new trial. *Id.* As such, a "trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings." *Id.* at 879–80.

Defendant first argues that the verdict was against the weight of the evidence because "the jury found Appellant not guilty of attempted murder, aggravated assault and all other charges[.]" Statement of Errors, ¶ 1. Inconsistent verdicts "are allowed to stand so long as the evidence is sufficient to support the conviction." *Commonwealth v. Miller*, 35 A.3d 1206, 1208 (Pa. 2012). Here, the evidence at trial was sufficient to sustain Defendant's conviction for conspiracy to commit murder. Criminal conspiracy is defined as follows:

3

> A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:
> (1) Agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or
> (2) Agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

18 Pa.C.S. § 903(a).

In addition, "[n]o person may be convicted of conspiracy to commit a crime unless an overt act in pursuance of such conspiracy is alleged and proved to have been done by him or by a person with whom he conspired." 18 Pa.C.S. § 903(e).

Defendant was a passenger in the vehicle along with fellow passenger, Dante Brown, and driver, Bysil Howzell. N.T. 3/1/17 at 120–22. In his statement to police, Tindel described the car involved in the shooting as a tan Buick LeSabre. He also stated that there were three black males inside of the vehicle. Tindel first saw the car while he stood at 20th and Parrish Streets. After exiting the corner store, he saw the same vehicle reappear. At this time, several shots were fired at Tindel from the vehicle. Tindel identified Defendant as the individual who shot him. *Id.* at 26, 30. Police first observed the vehicle about five blocks from where the shooting reportedly took place. *Id.* at 131–32.

Tindel's statement to police was corroborated by witness Jacqueline Simonet ("Simonet"). At the time of the shooting, Simonet lived at 20th and Parrish Streets. Sometime between 7:45 and 8:00 P.M. on May 29, 2012, she observed a tan vehicle from which shots were fired toward the corner of 20th and Parrish Streets. Police brought Simonet to the area of Fairmount Street, between 19th and Uber Streets, where she identified the tan vehicle involved in

4

the shooting. *Id.* at 88–89, 91–92. This evidence was more than sufficient to sustain the conspiracy conviction.

Defendant also argues that the verdict was against the weight of the evidence because "the only evidence tying Appellant to the shooting came from criminal witnesses who gave false statements to police and then later testified that Appellant was not the shooter." Statement of Errors, ¶ 1. However, a court may "treat the prior inconsistent statements of witnesses—who have testified at trial and were subject to cross-examination so that the finder-of-fact could hear the witnesses' explanations for making the out-of-court statements, and for their trial recantation—as sufficient evidence upon which a criminal conviction may properly rest[.]" *Commonwealth v. Brown*, 52 A.3d 1139, 1168 (Pa. 2012). The finder-of-fact may do so if he could, "under the evidentiary circumstances of the case, reasonably credit those statements over the witnesses' in-court recantations." *Id.*

Here, the victim and a second witness, Hassan Polk, recanted their earlier signed statements given to police. In his trial testimony, Tindel claimed to no longer recall the questions asked by Detective Rocks or his own responses. N.T. 3/1/17 at 25. Rather, he stated that Detective Rocks told him what to say. *Id.* Similarly, Polk testified at trial that he overheard police discussing Defendant's case and "just came up with [his] own story." *Id.* at 147–48. The jury had the opportunity to evaluate the reliability of both witnesses' prior inconsistent statements and trial testimony, and to treat the prior inconsistent statements as substantive evidence. *See Commonwealth v. Baez*, 759 A.2d 936, 940 (Pa. Super. 2000) (witness's signed and adopted statement was admissible as both impeachment and substantive evidence, despite witness's denial at trial of making the statement). After listening to both witnesses explain their past statements, the jury then decided which account to credit.

5

Because the verdict did not shock one's sense of justice, the Court did not abuse its discretion when it denied Defendant's weight of the evidence claim.

### B. Sufficiency of the Evidence

Defendant next claims that the evidence was insufficient to sustain the guilty verdict for conspiracy to commit murder "as there was insufficient evidence that Appellant agreed with another to commit murder, and was merely present in the Buick LeSabre." Statement of Errors, ¶ 2. On sufficiency review, all evidence is viewed in the light most favorable to the verdict winner to determine whether "there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Antidormi*, 84 A.3d 736, 756 (Pa. Super. 2014), *appeal denied*, 95 A.3d 275 (Pa. 2014). The Commonwealth may meet its burden "by means of wholly circumstantial evidence." *Id.* Finally, the reviewing court "may not weigh the evidence and substitute [its] judgment for the fact-finder." *Id.*

To convict Defendant of conspiracy to commit murder, the Commonwealth had to prove Defendant entered into an agreement with another person to commit or aid in the murder, that he acted with a shared criminal intent, and that an overt act was taken in furtherance of the conspiracy. 18 Pa.C.S. § 903(a). The Commonwealth need not show an explicit or formal agreement between Defendant and his co-conspirator. *See Commonwealth v. Perez*, 931 A.2d 703, 709 (Pa. Super. 2007) (agreement between co-conspirators can be inferred by totality of circumstances). "Circumstances like an association between alleged conspirators, knowledge of the commission of the crime, presence at the scene of the crime, and/or participation in the object of the conspiracy, are relevant when taken together in context, but individually each is insufficient to prove a conspiracy." *Id.* As discussed above, the evidence at trial was sufficient to sustain Defendant's conviction for conspiracy to commit murder.

6

## C. Other Acts Evidence

Defendant's final claim is that this Court erred by allowing the Commonwealth to introduce "other acts evidence that Appellant was a member of a gang or crew, which was speculative and based on Appellant's coming from a certain neighborhood." Statement of Errors, ¶ 3. In addition, "the evidence was unfairly prejudicial toward Appellant, was misleading and caused confusion to the jury." *Id.*

The admissibility of evidence is left to the trial court's sound discretion, and appellate courts will not disturb such evidentiary rulings absent an abuse of that discretion. *Commonwealth v. Arrington*, 86 A.3d 831, 842 (Pa. 2014). "[E]vidence of prior bad acts, while generally not admissible to prove bad character or criminal propensity, is admissible when proffered for some other relevant purpose so long as the probative value outweighs the prejudicial effect." *Commonwealth v. Boczkowski*, 846 A.2d 75, 88 (Pa. 2004) (internal citations omitted). One such relevant purpose is to show motive. *Commonwealth v. Melendez-Rodriguez*, 856 A.2d 1278, 1283 (Pa. Super. 2004). In order to be relevant for the purpose of establishing motive, the prior bad acts "must give sufficient ground to believe that the crime currently being considered grew out of or was in any way caused by the prior set of facts and circumstances." *Id.*

The Court permitted the Commonwealth to introduce evidence of the neighborhood affiliations of Defendant, the victim, and Defendant's former codefendants.[2] At trial, Detective Michael Livewell testified that he had nineteen years of experience as a police officer in the Francisville neighborhood of Philadelphia's 9th District. He described the Francisville neighborhood as being divided into highland and lowland sections. Detective Livewell testified

---

[2] The Commonwealth filed its motion to admit other acts evidence on October 14, 2015, more than a year before trial. The Court granted the motion on February 28, 2017.

7

that Defendant, along with former codefendants, Bysil Howzell and Dante Brown, were all affiliated with lowland. The victim was affiliated with highland. N.T. 3/2/17 at 7, 13, 20, 24–26. On May 28, 2012—the day before the shooting in this case—Robert Shabazz-Davis, associated with highland, shot and killed Antwan Pack, a lowland affiliate. *Id.* at 22–23.

The Court found that this evidence was relevant to show Defendant's motive to shoot the victim. The Court further found the probative value of the evidence outweighed any prejudicial effect. Detective Livewell described these neighborhood affiliations based on nineteen years of experience working in the Francisville section of Philadelphia. N.T. 3/2/17 at 7. The shooting of an individual identified as a lowland affiliate by a highland affiliate only one day before the shooting in this case provides a sufficient basis to believe that this crime "grew out of" the prior incident, i.e., the shooting of a lowland affiliate. *See Melendez-Rodriguez, supra.*

III.   CONCLUSION

For all of the reasons herein, Defendant's judgment of sentence should be affirmed.

BY THE COURT:

DONNA M. WOELPPER, J.

8

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF      :      CP-51-CR-0012762-2014
PENNSYLVANIA

                             :

     v.                       :

                             :      SUPERIOR COURT
MALIK RHODEN              :      3316 EDA 2017

## **PROOF OF SERVICE**

I hereby certify that I am this ___9th___ day of November, 2018, serving the foregoing Opinion on the persons indicated below:

*By First Class Mail*
Daniel A. Alvarez, Esq.
100 South Broad Street, Suite 1216
Philadelphia, PA 19110

*By Interoffice Mail*
Lawrence Goode, Assistant District Attorney
Interim Supervisor, Appeals Unit
District Attorney's Office
Three South Penn Square
Philadelphia, PA 19107


_____
Anna Dillon
Secretary to the Honorable Donna M. Woelpper

9